UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH HANNAH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 16-CV-3165 |
| BOBBIE JO ROLLAND, et. al., | ) ) ) |
| Defendants. | ) ) ) |

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

## ALLEGATIONS

The Plaintiff alleges his constitutional rights were violated by various individuals from the Montgomery County Sheriff's Office, the Litchfield Police Department, Hillsboro Police Department, the Illinois Department of Corrections (IDOC), and Wexford Health Sources.[1]  Plaintiff has specifically identified eleven Defendants, but has also listed numerous John Doe Defendants.

Plaintiff says on July 1, 2015, he discovered the mother of his child was "high on drugs." (Comp, p. 2). When Plaintiff tried to prevent Defendant Bobbie Jo Rolland from driving off with their child, Plaintiff alleges she ran him over with a van. Litchfield Police Officer Cory Bilyeu arrived on the scene and arrested Plaintiff for Aggravated Domestic Battery.  Plaintiff says the officer refused to investigate the actions of Ms. Rolland or arrest her for running him over.

Plaintiff says he told Defendant Bilyeu he was in pain, but the officer refused to take him to the hospital.  Instead, Plaintiff says he was taken to the Hillsboro County Sheriff's Office.  There are several inconsistencies in Plaintiff's complaint at this point.  For instance, Plaintiff says Defendant Bilyeu was a Litchfield City Police Officer,

but also claims the officer worked for the Montgomery County Sheriff's Office.

Nonetheless, Plaintiff says he again asked for medical care at Hillsboro, but he was instead immediately taken to Graham Correctional Center. Again, Plaintiff does not explain, but apparently he was accused of a parole violation. Once at Graham, Plaintiff says a nurse "refused to perform an MRI, and only performed an x-ray." (Comp., p. 5). Plaintiff also alleges his repeated requests for examination by an outside specialist were denied, and the Defendants either denied "mediation and therapy and/or unjustifiably limit these medications and therapy." (Comp., p. 19).

Plaintiff finally alleges Defendants either refused to respond to his grievances or refused to forward them to the appropriate supervisors.

## ANALYSIS

There are several problems with Plaintiff's complaint. First, Plaintiff has named some Defendants which cannot be sued pursuant to 42 U.S.C. §1983. For instance, Plaintiff cannot sue his child's mother because she is not a "state actor." *See Wyatt v Cole,*

504 U.S. 158, 161 (1992)(§1983's purpose is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights..."). In addition, Plaintiff cannot sue the Montgomery County Jail since a jail is not a person subject to lawsuit pursuant to §1983. *See Powell v Cook County Jail*, 814 F.Supp 757, 758 (N.D. Ill. 1993). Therefore, the Court will dismiss Defendant Bobbie Jo Roland and the Montgomery County Jail.

Second, it is well-settled that private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Joseph v. Lewis*, 95 F.3d 54, 1996 WL 460071 (5th Cir. July 30, 1996).

Third, even if IDOC defendants did not properly investigate or respond to grievances, this does not state a constitutional violation. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982).

Fourth, the Plaintiff has not explained how many of the alleged Defendants are directly involved in his claims. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). It is not sufficient to simply list several John Does Defendants without explaining specifically how each was involved in the Plaintiff's allegations.

In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the Court will dismiss IDOC Director John Baldwin, John Does Hillsboro Police Department, John Does IDOC, and John Does Wexford Health Sources.

Fifth, Plaintiff has not articulated an official capacity claim against any Defendant. For instance, Plaintiff has named several

supervisors as Defendants because he alleges they failed to properly train their employees. However, Plaintiff has failed to allege any specific policy or deficiency in a training program used by any named Defendant, nor has he adequately alleged a causal link between any such inadequacy and his claims. *See Gillum v Baxton,* 2012 WL 3996830 at 3 (S.D. Ill. Sept. 12, 2012)(conclusory assertion that training was defective is in adequate); *see also Jackson v. E.J. Brach Corp,* 176 F.3d 971 (7th Cir. 1999)("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

Sixth, Plaintiff has not clearly stated a claim based on the denial of medical care against some of the Defendants. An inmate alleging deliberate indifference to a serious medical condition must demonstrate he suffered from a serious medical need and the Defendant was deliberately indifferent to that need. *See Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008). However, while an inmate is entitled to reasonable measures to prevent a substantial risk of harm, he "is not entitled to demand specific care and is not entitled to the best care possible." *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011).

In addition, "a difference in medical opinion between an inmate and prison medical staff does not support a claim of cruel and unusual punishment," *Myrick v. Anglin,* 496 Fed.Appx. 670, 674, 2012 WL 5870817, at *3 (7th Cir. 2012) *citing Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir.2010); *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir.2003). Furthermore, "[a]n inmate who claims that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996).

In his complaint, Plaintiff admits he was given an x-ray and at least some treatment. The fact that Plaintiff believes he should have received an MRI or he should have been referred to an outside specialist does not clearly allege a constitutional violation.

Finally, it is not clear to the Court whether or not Plaintiff should be allowed to combine his claims against Litchfield Police, Montgomery County, Hillsboro City, and Graham Correctional Center in one complaint. Federal Rule of Civil Procedure 20(a)(1) authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in

7

the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." However, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

It is possible Plaintiff may be able to clarify his claim alleging deliberate indifference to a serious medical condition, and therefore the Court will allow Plaintiff to file an amended complaint. The amended complaint must stand on its own including all claims and Defendants without reference to the previous complaint. The Court notes Plaintiff has admitted he received some medical treatment, so any amended complaint should clarify what treatment Plaintiff received, when he received it, who provided it and why the treatment was insufficient. Plaintiff must also clearly state how each Defendant was involved in his claims.

The Court further notes Plaintiff's original, thirty-three page complaint repeats each of his allegations several times and each

rendition includes different versions of the events. For instance, Plaintiff has included renditions of each claim in the following sections of his complaint: "Nature of the Case," "Parties" "Allegations and Facts," and the various "counts."[1] Plaintiff's amended complaint must include numbered paragraphs and must state each claim only ONE time. In other words, each paragraph should include the when, where, how, and who of one claim. Plaintiff should use the provided complaint form to avoid confusion. If Plaintiff fails to follow the Court's specific directions, his amended complaint will be dismissed.

IT IS ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rule of Civil Procedure 8. [1]

2) In addition, the Clerk of the Court is directed to dismiss Defendants Bobbie Jo Roland, the Montgomery County Jail, IDOC Director John Baldwin, John Does Hillsboro Police Department, John Does IDOC, and John Does Wexford Health Sources as Plaintiff has either named improper Defendants for a lawsuit pursuant to §1983 or failed to provide any identifying information.

3) Plaintiff must file an amended complaint in compliance with this order on or before October 21, 2016.  If Plaintiff fails to file his amended complaint by this deadline or fails to follow the Court's instructions, his case will be dismissed.  The Clerk of the Court is to provide the Plaintiff with a blank complaint form to assist him.

4) The Clerk is to reset the internal merit review deadline for November 4, 2016.

ENTERED:  October 4, 2016

FOR THE COURT:              s/ Sue E. Myerscough
                                         _____
                                           SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE